FILED

AUG 1 0 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KENNETH WAYNE BIERNOT,       )
                             )
           Plaintiff         )       CIVIL ACTION NO. 2:12cv438
                             )
V.                           )
                             )
CITY OF CHESAPEAKE           )
And                          )
BARBARA CARRAWAY, in her     )       VERIFIED COMPLAINT
official capacity as City Treasurer  )       FOR
                             )       DECLARATORY RELIEF
                             )       AND DAMAGES
                             )       PURSUANT TO
           Defendants        )       42 U.S.C. § 1983

COMES NOW the Plaintiff, Kenneth Wayne Biernot, by and through counsel, and averss the following:

## INTRODUCTION

Plaintiff was a government employee of the City of Chesapeake, Virginia. The Defendant, Barbara Carraway ("Carraway"), in her official capacity as City Treasurer, and employees of Chesapeake, by policy and practice, censored Plaintiff's speech based on his religious viewpoint in violation of the First and Fourteenth Amendments to the United States Constitution.

The Free Speech, Free Exercise, and Establishment Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment prohibits the government from suppressing the religious expression of a government employee based on the expression's religious viewpoint.

Defendant, Carraway, instituted and maintained a policy that prohibits all religious expression and exercise by city employees through the threat of disciplinary action, while

allowing other non-religious symbols and displays. Plaintiff desired to express his personal religious faith by displaying his personal Bible in a way that did not interfere with his work for the City. The Plaintiff's personal expression was contained within his individual working space and was not accessible to the public and there was no potential for a perception of government endorsement of religion to justify the suppression of religious expression and exercise.

## JURISDICTION AND VENUE

1.    This action arises under the United States Constitution, particularly the First and Fourteenth Amendments; and under federal law, particularly 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. §§ 1983 and 1988.

2.    This Court has original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331 and 1343.

3.    This Court has authority to issue the requested declaratory relief under 28 U.S.C. § 2201.

4.    This Court is authorized to award the requested damages under 28 U.S.C § 1343(a)(3).

5.    This Court is authorized to award attorneys' fees under 42 U.S.C. § 1988.

6.    Venue is proper under 28 U.S.C. § 1391 in the Eastern District of Virginia because this claim arose there, and the parties reside within the District.

## IDENTIFICATION OF PARTIES

7.      Plaintiff, Kenneth Wayne Biernot, worked as a Clerk II in the Office of the Treasurer, City of Chesapeake, Virginia.

## STATEMENT OF FACTS

**Background**

8.      On June 6, 2011, as Plaintiff was preparing to begin his work day, he was instructed by his immediate supervisor, Barbara Beale, to remove his Bible from his desk. When Plaintiff questioned his supervisor regarding the instruction, he was told to remove the Bible or put in his letter of resignation. At one point, his supervisor, Barbara Beale, advised him that if he placed the Bible on his desk, she would physically remove it.

9.      Later that morning, Plaintiff confronted Defendant Carraway regarding that instruction and was told that it was against City policy to have a Bible on City property, and that he could either remove it or resign.

10.     In her capacity as Treasurer of the City of Chesapeake, Defendant Carraway is a final policy maker for all employee decisions regarding employees working in the Office of the Treasurer.

11.     The City knew of, adopted and/or affirmed this policy and practice prohibiting Bibles on City property.

12.     Plaintiff immediately clocked out and went home.

13.     Plaintiff was contacted on his cell phone and requested to return to work by Nanette Cartwright, deputy treasurer, on at least two occasions on June 6, 2011, but was told each time that he could not bring his Bible.

3

14.     Plaintiff was later terminated from his position for having exercised his right of religious expression.

15.     Plaintiff is a Christian.

16.     As part of his deeply held religious beliefs, Plaintiff engages in religious expression during his employment with the City of Chesapeake in his personal office space and displays various religious items, including the Bible, to remind him of Jesus' love for him and the commandment to love other people as Jesus loves him.

17.     During the course of his employment, Plaintiff has kept a small New Testament on his desk and he reads from it on his breaks.

18.     Other employees are permitted to and do keep other non-religious reading materials, such as books, magazines and newspapers, on their desks.

**Impact of the Prohibition**

19.     The Bible prohibition prohibits Plaintiff from displaying religious items at his work station.

20.     Plaintiff has observed non-religious secular materials, such as pentagrams, women's magazines and fantasy novels, displayed in workstations throughout the Treasurer's office without censure from the city, or claim that such display violated city policy.  Even Barbara Beale displays such material.

21.     The Anti-Bible policy and Defendants' enforcement thereof has targeted the Plaintiff's religious expression and exercise based solely on its religious viewpoint.

22.     No member of the public or any co-worker has ever complained about the Plaintiff's religious expression or the presence of a Bible on his desk, or that the Plaintiff's religious expression or the Bible on his desk has intimidated or harassed them, nor has any disruption

4

of the workplace ever occurred, nor has the Plaintiff's religious expression or activity ever interfered with the City's operation of an efficient workplace.

23.     The Defendants' policy and practice has chilled the Plaintiff and others from engaging in any religious expression while at work for fear that they will be disciplined.

24.     Plaintiffs intends to engage in similar religious expression at all times while at work.

## STATEMENTS OF LAW

25.     Each and all of the acts alleged herein were done by Defendants under the color and pretense of state law, statutes, ordinances, regulations, customs, usages, and policies of the City of Chesapeake.

26.     Government employees do not forfeit their First Amendment rights upon entering the public workplace. See **City of San Diego v. Roe, 543 U.S. 77, 80, 125 S. Ct. 521, 160 L. Ed. 2d 410 (2004)**; *see also* **Connick v. Myers, 461 U.S. 138, 142, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983)** ("For at least 15 years, it has been settled that a state cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.").

27.     The government may only restrict religious expression or activity if it prohibits the government from running an efficient workplace, *Pickering v. Bd. of Educ.,* 391 U.S. 563 (1986), or if there is clear evidence that the activity intimidates or harasses coworkers. *Brown v. Polk County.,* 61 F.3d 650, 658 (8th Cir. 1995).

28.     Defendants have a duty to set policies that reasonably relate to the City's interest in running an effective and efficient organization without infringing on the constitutional rights of its employees.

29.     The Defendants' policy and practice restrict the Plaintiff's rights without justification because the Plaintiff's intended expression does not have an actual adverse impact on the City's municipal operations.

30.     The anti-Bible policy on its face and as applied is a violation of the First and Fourteenth Amendments because it discriminates based on the religious viewpoint of the speaker, invests public officials with unbridled discretion, and is overbroad.

31.     Plaintiff suffered irreparable harm in that he was terminated after his rights were violated.

## CAUSES OF ACTION

### VIOLATION OF THE FIRST AMENDEMENT'S FREEDOM OF SPEECH CLAUSE

32.     The allegations contained in all the preceding paragraphs are incorporated herein by reference.

33.     The Defendants' policy and practice violates the First Amendment's Free Speech Clause to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

34.     The First Amendment protects religious expression of public employees while at work.

35.     The Defendants, through their policy and practice, have engaged in viewpoint discrimination by prohibiting Plaintiff from displaying religious symbols and text in his personal workplace while allowing others to display non-religious items..

36.     The Defendants' anti-Bible policy on its face prohibits Plaintiff's expression based solely on its religious content.

37.    The Defendants' anti-Bible policy on its face prohibits Plaintiff's expression in public places at government buildings based solely on its religious content.

38.    The Defendants' anti-Bible policy is an overbroad restriction on speech because it prohibits religious speech in public places at government buildings.

39.    The Defendants' anti-Bible policy is an overbroad restriction on Plaintiff's speech in violation of the First Amendment because it prohibits more speech than necessary to achieve an alleged legitimate government interest.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

### VIOLATION OF THE FIRST AMENDEMENT'S FREE EXERCISE CLAUSE

40.    The allegations contained in all the preceding paragraphs are incorporated herein by reference.

41.    The Defendants' policy and practice violates the First Amendment's Free Exercise Clause to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

42.    The Free Exercise Clause forbids the government from passing policies and procedures that target religious exercise.

43.    The Defendants' policy and practice is neither neutral nor generally applicable with respect to religion since it only targets employees engaged in religious exercise and expression.

44.    The Defendants' policy and practice targets and prohibits display of a Bible while permitting secular books and symbols.

45.     The Defendants' policy and practice targets and prohibits religiously-themed material in Chesapeake's employee's personal workspaces while permitting secular items.

46.     Defendants do not have a compelling reason for restricting the free religious exercise of Chesapeake employees.

47.     Government actions that target religious exercise without a compelling interest violate the free exercise clause.

    **WHEREFORE,** Plaintiffs respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## VIOLATION OF THE FIRST AMENDMENT'S ESTABLISHMENT CLAUSE

48.     The allegations contained in all the preceding paragraphs are incorporated herein by reference.

49.     The Defendants' policy and practice violatess the First Amendment's Establishment Clause to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

50.     The Defendants' policy and practice violate the Establishment Clause because censoring employee speech solely because it is religious exhibits hostility rather than neutrality toward religion.

51.     The Defendants' policy and practice of prohibiting the display of the Bible demonstrates impermissible hostility towards religion.

52.     The Defendants' policy and practice of prohibiting display of the Bible in employees' individual work spaces demonstrates impermissible hostility towards religion.

53.     Defendants have no compelling interest that would justify their hostility towards religion.

54.     The Defendants' policy therefore violates the Establishment Clause of the First
Amendment.

WHEREFORE, Plaintiffs respectfully prays that the Court grant the relief set forth
hereinafter in the prayer for relief.

## VIOLATION OF THE FOURTEENTH AMENDEMENT'S DUE PROCESS CLAUSE

55.     The allegations contained in all the preceding paragraphs are incorporated herein by
reference.

56.     The Defendants' policy and practice violatess the Fourteenth Amendment's Due
Process Clause to the United States Constitution.

57.     The Fourteenth Amendment prohibits laws that are vague and allow for unbridled
discretion in their application.

58.     The Defendants' policy and practice doeses not adequately notify city employees
what expression is permitted and is not permitted at government buildings.

59.     The Defendants exercised unbridled discretion when they enforced the anti-Bible
policy against the Plaintiff. The defendants have applied this policy in an *ad hoc* and
arbitrary manner against the Plaintiff.

60.     Because the Defendants have enforced an unwritten and vague policy that can be
used to suppress religious expression and exercise at the discretion of administrators, the
Plaintiff has suffered a loss of his rights in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully prays that the Court grant the relief set forth
hereinafter in the prayer for relief.

## VIOLATION OF THE FOURTEENTH AMENDENT'S EQUAL PROTECTION CLAUSE

61.     The allegations contained in all the preceding paragraphs are incorporated herein by reference.

62.     The Defendants' policy and practice violatess the Fourteenth Amendment's Equal Protection Clause to the United States Constitution.

63.     The Equal Protection Clause requires the government to treat persons similarly situated under the law equally.

64.     The Defendants, through theirits policy and practice, have engaged in unequal treatment of Plaintiff by prohibiting him from displaying religious texts in his personal office while allowing other similarly situated employees to display non-religious items.

65.     The Defendants' unequal treatment of Plaintiff constitutes a violation of the Plaintiff's equal protection rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

## WRONGFUL TERMINATION

66.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

67.     At all times relevant hereto, Virginia Human Rights Act, Virginia Code Chapter 39, §§ 2.2-3900 et. seq., was in full force and effect and binding on the Defendant.  The Virginia Human Rights Act establishes a public policy in Virginia against discrimination based upon religion and religious expression.

68.     Within the time permitted, Plaintiff filed a complaint against the Defendant with the Equal Employment Opportunity Commission based on religious discrimination, and received a Right to Sue letter. A copy of that letter is attached hereto as Exhibit "A."

69.     The City of Chesapeake terminated plaintiff on or about June 6, 2011 for having exercised his right of religious expression, and for refusing to refrain from exercising said right in the future.

70.     As a proximate result of the Defendant's conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of the Defendant's conduct, Plaintiff will suffer additional damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

71.     As a further direct and proximate result of Defendant's conduct, Plaintiff has suffered a loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

72.     By reason of the conduct of Defendant herein, Plaintiff has retained attorneys to prosecute his claims under the Virginia Human Rights Act. Plaintiff is therefore entitled to recover reasonable attorneys' fees and costs pursuant to the Virginia Human Rights Act, Virginia Code Chapter 39, §§ 2.2-3900 et. seq.

73.     Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

malice, and in conscious disregard of Plaintiff's rights, in that the Defendant refused to allow Plaintiff to engage in constitutionally protected expression despite the fact that it knew that Plaintiff was able to perform the essential functions of his position. Thus, Plaintiff is entitled to recover punitive damages from Defendant.

   **WHEREFORE,** Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

**PRAYER FOR RELIEF**

   **WHEREFORE,** Plaintiff requests the following relief:

74.    That this Court enter a declaratory judgment declaring that the Defendants' policy and practice is facially unconstitutional and violates the Plaintiff's rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution;

75.    That this Court enter a declaratory judgment stating the policy is unconstitutional as applied to the Plaintiff and violates the Plaintiff's rights guaranteed under the First and Fourteenth Amendments to the United States Constitution;

76.    That this Court award Plaintiff damages arising from the acts of the Defendants as an important vindication of the constitutional rights at stake;

77.    That this Court award damages in the form of lost earnings, benefits and/or out of pocket expenses, future earnings, benefits and/or other prospective damages;

78.    That this Court award damages for Plaintiff's loss of financial stability, peace of mind and future security, including embarrassment, humiliation, mental and emotional pain and distress and discomfort;

79.    That this Court award punitive damages against the Defendant for its willful and wanton oppression of Plaintiff's constitutionally-protected right of freedom of expression;

80. That this court award Plaintiff's costs and expenses of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988 and the Virginia Human Rights Act, Virginia Code Chapter 39, §§ 2.2-3900 et. seq.;

81. That this Court grant such other and further relief as the Court deems equitable, just and proper;

82. That this Court adjudge, decree and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment; and

83. That this Court retain jurisdiction of this matter as necessary to enforce the Court's orders.

Respectfully submitted this the ____ day of August, 2012.

Kenneth Wayne Biernot

## VERIFICATION OF FIRST AMENDED COMPLAINT

I, Kenneth Wayne Biernot, a citizen of the United States and resident of the

Commonwealth of Virginia, hereby declare under penalty of perjury pursuant to 28 U.S.C. §

1746 that I have read the foregoing Verified Complaint and the factual allegations therein,

and the facts as alleged are true and correct.

Executed this ___ day of August, 2012, at Chesapeake, VA.

14

**Waiver**

I, Kenneth Wayne Biernot, an individual over the age of 18, hereby waive the

protections afforded by Section 2.2-3705.1 of the Code of Virginia, 1950, as amended,

and specifically consent to opening my personnel records to The Law Offices of Steve C.

Taylor, P.C., and the Alliance Legal Group for inspection and copying.

Dated:

_____
Kenneth Wayne Biernot

COMMONWEALTH OF VIRGINIA
CITY OF CHESAPEAKE, to-wit:

The foregoing document was sworn to and acknowledged before me, a Notary
Public of and for the City and State aforesaid, by Kenneth Wayne Biernot this 8th day
of August, 2012.

_____
Notary Public

My commission expires: 5/31/15      ID No.: 7500410

Shekinah Harrell
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7500410
Com. Exp. May 31, 2015